UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11-9-15

MASTER BAYE BALAH ALLAH,                    :
                                            :
                              Plaintiff,    :
                                            :     **REPORT AND**
                                            :     **RECOMMENDATION**
              - against -                   :
                                            :     13-CV-4269 (AT) (RLE)
BRIAN WILSON, et al.,                       :
                                            :
                              Defendants.   :

**TO THE HONORABLE ANALISA TORRES, U.S.D.J.:**

## I. INTRODUCTION

On June 17, 2013, *pro se* Plaintiff Master Baye Balah Allah ("Allah") commenced this

action pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) United States District Court Judge Analisa

Torres referred this case to the undersigned for general pretrial purposes and to address this

dispositive motion. (Doc. Nos. 36, 100.)  On August 27, 2015, Defendants filed a letter with the

Court requesting that the Court dismiss this action in its entirety pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure, for Plaintiff's "repeated failure to prosecute this matter or

comply with Court Orders." I recommended that Defendants' request be **DENIED**.  I further

recommend that discovery in this matter be closed and that the Parties' joint pretrial order be due

thirty (30) days after the decision on this Report and Recommendation.

## II. BACKGROUND

Following a conference before the Court on August 3, 2015, the Court ordered the Parties

to complete discovery in this matter and for Allah to sit for his deposition by September 4, 2015.

(Doc. No. 96.) On August 27, 2015, Defendants wrote to the Court, alleging that the Parties had

failed to schedule Allah's deposition because of Allah's refusal to cooperate. (Doc. No. 98.)

Defendants contend that Allah refused to speak to counsel in court following the August 3

conference and had since failed to respond to six of Counsel's phone calls and two voicemail messages. (*Id.*) Relying on these allegations, Defendants ask the Court to dismiss this action for failure to prosecute. (*Id.*)

Allah responded to Defendants' request by letter to the Court on September 4, 2015. (Doc. No. 99.) He contends that he never received any of Defendants' calls or messages and, in fact, had been waiting for Defendants to contact him to schedule the deposition. (*Id.*) Allah stated that he wishes the lawsuit to proceed to trial. (*Id.*) In the two months since these letters, neither party has requested an extension of the discovery deadline.

### III.   DISCUSSION

The district court has discretion to dismiss cases for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (citing *Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). "A District Court may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). Dismissal should be determined in "light of the whole record." *Lucas*, 84 F.3d at 535. The Second Circuit has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Accordingly, the Second Circuit has established the following factors in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b):

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535 (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994) and

*Alvarez*, 839 F.2d at 932).

In the present case, Allah's actions do not warrant dismissal of the case. Allah has communicated to the Court his intention to comply with the Court's order that discovery be completed and that his deposition be held by September 4, 2015. While the Court may have cautioned Allah that his failure to be deposed could lead to dismissal, the record does not reflect willful failure on Allah's part. Defendants have had two additional months since the letters were exchanged to schedule and conduct Allah's deposition. Moreover, while Allah has encountered problems because of his pro se status, and issues regarding the interpretation of discovery rules, he has continued to press his claims herein. Further, I do not find that there has been any prejudice by the delay in taking Allah's deposition. Allah's interest in receiving a fair chance to be heard at trial outweighs the Court's interest in managing its docket.

Finally, it appears that Allah's deposition has been completed and neither side has raised issues concerning the deposition. No outstanding discovery disputes have been communicated to the Court.

### IV. CONCLUSION

Because Allah has pursued his claim and has demonstrated a willingness to comply with the Court's order to complete discovery and sit for his deposition, I find that that the Defendants' request to dismiss the action in its entirety pursuant to Rule 41(b) be **DENIED**. I further

recommend that discovery in this matter be closed and that the Parties' joint pretrial order be due thirty (30) days thereafter.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the Chambers of the Honorable Analisa Torres, 500 Pearl Street, Room 2210, New York, NY 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1970, New York, NY 10007.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**SO ORDERED this 9th day of November 2015**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

A Copy of this Report and Recommendation was mailed to:
Master Baye Balah Allah
129 Fulton Street, Apt. 4
New York, NY 10038