UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASTER BAYE BALAH ALLAH,

                Plaintiff,

       - against -

POLICE OFFICER WILSON, et al.,

                Defendants.

**OPINION AND ORDER**

**13-CV-4269 (AT) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Master Baye Balah Allah ("Allah") brings this action pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) On December 13, 2016, Allah filed a request for a conference about a previously filed motion to compel and to address Defendants' alleged refusal to respond to recent document requests. (Doc. No. 139.) On several occasions, Allah has sought revised responses from Defendants to his requests for admissions, numbers 1 and 4. (Doc. Nos. 73, 76, 92.)

The Court has previously denied Allah's motion to compel. (Doc. No. 96, 143) On August 3, 2015, the Court held a status conference to discuss Allah's motion. (Doc. No. 143.) Defendants responded to admission request number 4, denying Allah's request to "[a]dmit that five year old [B.Z.B.S.] was arrested along with his grandfather on August 4, 2012." (Doc. No. 142.) During the conference, the Court informed Allah that Defendants had properly responded to the request but that he had the right to prove at trial, if necessary, that the response was inaccurate. (Tr. of Aug. 3, 2016 Status Conf. ("Tr."), Doc. No. 143 at 14, 15, 36.) As for admission request number 1, Defendants objected on the grounds that the request contains "vague and ambiguous wording that does not allow [D]efendants fairly to admit or deny" the request for admission. (Doc. No. 142.) (citing *Dubin v. E.F. Hutton Group Inc.*, 123 F.R.D. 372,

376 (S.D.N.Y. 1989).) Defendants also stated, "that without being provided an authorized release for records sealed pursuant to NYCPL § 160.50, they do not have sufficient information to fairly admit or deny whether plaintiff has ever been arrested for pedophilia." *Id.* At the August 3, 2015 conference, Allah stated that he provided the releases to Defendants. (Tr. at 32.) Defendants confirmed receipt of Allah's full arrest history. *Id.* Although Defendants were granted access to Allah's arrest record, the Court finds that further inquiry on this matter is unwarranted as the request has not been shown to be relevant under Rule 26(b)(1). Thus, supplemental responses to Allah's requests for admissions are **DENIED**.

On December 13, 2016, Allah also sought production of his most recent discovery requests. (Doc. No. 139.) These requests include production of "NYPD and DHS training manuals" and "NYPD and DHS patrol guides." (Doc. No. 141.) Defendants question the relevance of these requests on multiple grounds. *Id.* While some of the reasons stated do not appear well founded, the Court agrees with Defendants that the requests for NYPD and DHS training manuals and patrol guides are beyond the scope of this case. Thus, Allah's request for document production is **DENIED**.

Defendants filed a letter on December 16, 2016, informing the Court of an issue in obtaining all of Allah's medical records. (Doc. No. 140.) However, the letter does not seek any redress from the Court. Additionally, Allah has not recently informed the Court of any other issues with discovery production.

Because there are no other discovery disputes pending, **IT IS HEREBY ORDERED** that the Parties submit a joint status report on or before **February 2, 2017**, informing the Court of any anticipated pretrial motions.

**SO ORDERED this 18th day of January 2017.**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

A copy of this Order was sent to:

Master Baye Balah Allah
129 Fulton Street, Apt. 4
New York, New York 10038

**MAILED BY CHAMBERS**

3